UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


NASER DAR EGHRAYYEB,            )   CASE NO.  4:08 CV 0159
                                )
        Petitioner,              )   JUDGE SOLOMON OLIVER, JR.
                                )
    v.                           )   MEMORANDUM OF OPINION
                                )   AND ORDER
BUREAU OF PRISONS,              )
                                )
        Respondent.              )


Pro se petitioner Naser Dar Eghrayyeb filed the above-captioned petition pursuant to 28 U.S.C. § 2241 on January 18, 2008.  Confined at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton"), Mr. Eghrayyeb brings this action against the Federal Bureau of Prisons (BOP).  Petitioner asserts that he is being classified in a "CIM" Category of Separation and Special Supervision without justification.  He seeks an order from this court removing the classification.

*Background*

There are very few facts alleged in Mr. Eghrayyeb's petition. Essentially, he challenges the BOP's decision to identify him as an inmate who presents special needs for management. Inmates in this status, known as central inmate monitoring (CIM) cases, require a

higher level of review. This may include Central Office and/or Regional Office clearance for transfers, temporary releases, or community activities. Petitioner argues that there is no basis for placing him in this classification.

It appears petitioner filed a complaint to the Central Office Administrative Remedy Appeal. The appeal was denied on July 13, 2007. The Appeals Administrator, Harrell Watts, explained that Mr. Eghrayyeb has the CIM assignments of Separation and Special Supervision. He denied the appeal based on the fact that the warden determined sufficient information existed to support his CIM assignments and petitioner failed to demonstrate that the classification was based on false information.

Mr. Eghrayyeb argues that he has not received any explanation as to why he has a CIM assignment. He contends this is a "question of fact entirely undeveloped in the record" and, thus, the BOP should be required to show cause why it made such a determination. Discovery is necessary because he believes his status "is obviously not connected to the offense for which he is convicted and because Petitioner challenges the accuracy of the information which purportedly makes him eligible for CIM status." (Pet. at 1.)

In addition to challenging the execution of his sentence, petitioner claims he is entitled to relief under the Privacy Act, 5 U.S.C. §552(a). He is concerned that the BOP may have, "in the course of its investigation created a file or records about the Petitioner which may be filled with inaccuracies, conjecture, speculation and or other unreliable-unsubstantiated information." (Pet.at 2.)

*28 U.S.C. § 2241*

Claims seeking to challenge the execution or manner in which the sentence is served

2

shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)). This court has jurisdiction over petitioner's custodian, in this case the warden at F.C.I. Elkton. See Roman v. Ashcroft, 340 F.3d 314, 319 (6th Cir. 2004)(as a general rule, a petitioner should name as a respondent to his habeas corpus petition the individual having day-to-day control over the facility in which petitioner is being detained). Also, appears that he has exhausted his administrative remedies. Little v. Hopkins, 638 F.2d 953, 953-954 (6th Cir.1981). Construing this as a challenge to the execution of his sentence, this court denies petitioner's requested relief.

*Prisoner Classification*

The essence of Mr. Eghrayyeb's argument is that although he was advised of his classification status he was not given a reason for his classification. As a matter of course, prisoners who are CIM cases:

> require a higher level of review which may include Central Office and/or Regional Office clearance for transfers, temporary releases, or community activities. This monitoring is not to preclude a CIM case from such activities, when the inmate is otherwise eligible, but rather is to provide protection to all concerned and to contribute to the safe and orderly operation of federal institutions.[1]

BOP P.S. 5180.04. Regardless of the fact that prisoners in CIM status are not inherently penalized, petitioner has not argued the BOP's decision to apply a CIM classification has deprived him of a

---

[1] Mr. Eghrayyeb did not provide a copy of Program Statement (PS) 5180.04 with his petition, however the BOP's program statements are available on the Internet. U.S. DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS/ FREEDOM OF INFORMATION ACT/POLICY/BOP PROGRAM STATEMENTS (policies), available at http:// www.bop.gov (last modified Aug. 16, 1996).

liberty interest.

To establish the existence of a liberty interest, a prisoner must show that he has been subjected to an "atypical and significant hardship ... in relation to the ordinary incidents of prison life," see Sandin v. Conner, 515 U .S. 472, 484 (1995), or that the government's action "will inevitably affect the duration of his sentence." Id. at 487. The BOP's classification procedure is within the discretion of the Attorney General as delegated to the Director of the BOP. 18 U.S.C. § 4081; 28 C.F.R. § 0.96. See e.g., Peck v. Hoff, 660 F.2d 371 (8th Cir.1981). Congress has given federal prison officials "full discretion" to control the conditions of confinement, and prisoners have no legitimate constitutional entitlement to invoke due process claims based on a challenge to their classification. Moody v. Daggett, 429 U.S. 78, 88, n. 9 (1978). Therefore, challenges to the BOP classification procedures do not state constitutional claims. Id.

*Privacy Act Claim*

The Privacy Act permits a suit for damages if an agency's violation of § 552a(e)(5) results in a determination adverse to the individual. See 5 U.S.C. §§ 552a(g)(1)(C), (g)(4). The Act also gives an individual the right to request amendment of his records. 5 U.S.C. § 552a(d). Under regulations, however, BOP inmate records systems are exempt from the amendment provisions of the Act. See 28 C.F.R. §§ 16.51(c), 16.97(a); Deters v. United States Parole Comm'n, 85 F.3d 655, 658 n. 2 (D.C.Cir.1996). Even if Mr. Eghrayyeb identified any real injury, or alleged an error in his inmate file, he would be barred from seeking amendment. White v. U.S. Probation Office, 148 F.3d 1124, 1125 (D.C. Cir. 1998); see Locklear v. Holland, No. 98-6407, 1999 WL 1000835, at *1-2 (6th Cir. Oct. 28, 1999 ).

Based on the foregoing, this petition is dismissed pursuant to 28 U.S.C. § 2243.[2] The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED

/s/*SOLOMON OLIVER, JR.*
SOLOMON OLIVER, JR.
UNITED STATES DISTRICT COURT

---

[2]The statute provides, in relevant part, that:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, <u>unless it appears from the application that the applicant or person detained is not entitled thereto</u>.

28 U.S.C. §2243(emphasis added).